IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00025-MSK-KLM

CHARLES BELL,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC, a Delaware limited liability company,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Attorney's Fees** [Docket No. 18; Filed March 18, 2011] (the "Motion"). Defendant filed a Response [Docket No. 20] in opposition to the Motion on April 4, 2011. On April 19, 2011, Plaintiff filed a Reply [Docket No. 21]. The Motion is now fully briefed and ripe for resolution. Pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 54(d)(2)(D), and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation regarding disposition. The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court **RECOMMENDS** that the Motion be **GRANTED in part**.

**I. Summary of the Case**

    On January 5, 2011, Plaintiff filed a Complaint [Docket No. 1] in which he alleged that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §

1692, *et seq.* On March 14, 2011, Plaintiff notified the Court that he accepted Defendant's Offer of Judgment [Docket No. 14-1] pursuant to Fed. R. Civ. P. 68. *Notice of Acceptance* [Docket No. 14]. Plaintiff now seeks an award of attorney's fees and costs, totaling $5,665.00, pursuant to 15 U.S.C. § 1692k(a)(3).

## II.  Standard of Review

15 U.S.C. § 1692k(a)(3) provides as follows:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of, in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

To determine a "reasonable attorney's fee," the Court must conduct a lodestar calculation as set out in *Hensley v. Eckerhart*, 641 U.S. 424, 433 (1983), in accordance with "relevant Tenth Circuit precedent applying *Hensley*." *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2002). A lodestar calculation involves taking the product of the number of attorney hours expended to resolve the case and a reasonable hourly billing rate. *Hensley*, 641 U.S. at 433. Once the Court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities of the suit and its outcome." *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

## III.  Analysis

Plaintiff seeks attorney's fees in the amount of $5,225.00, representing 20.9 hours of work by Plaintiff's counsel billed at a rate of $250.00 per hour. *Motion* [#18] at 2. Defendant "concedes and stipulates that Plaintiff is the prevailing party and that an hourly

-2-

rate of $250.00 per hour is reasonable in the Denver/Colorado Springs market given [Plaintiff's] counsel's experience and qualifications." *Response* [#20] at 3. Defendant contends, however, that a fee request "totaling $5,225.00 is, on its face, unreasonable for a simple and straightforward FDCPA case resolved prior to commencement of discovery." *Id.* Defendant also contends that some of the time billed by Plaintiff's counsel is excessive, redundant, or otherwise improper. *Id.* at 3-4. Defendant therefore asks the Court to "exercise its discretion" to make a downward adjustment to the fees awarded to Plaintiff. *Id.* at 4.

The Court is not inclined to examine the overall facial reasonableness of Plaintiff's fee request. However, the Court finds it appropriate to review Plaintiff's counsel's billing entries to ensure that he exercised proper "billing judgment." *Case v. Unified Sch. Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (internal quotation marks omitted); *id.* at 1251 ("The district court is not bound by the opinions of the parties regarding the reasonableness of the time they spent on the litigation."). "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Id.* at 1250. "In determining what is a reasonable time in which to perform a given task or to prosecute the litigation as a whole," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice. *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983). When a fee request is opposed, the burden is on the party requesting fees to prove that its counsel exercised proper billing judgment. *Case*, 157 F.3d at 1249 ("'[T]he fee applicant bears the

burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" (quoting *Hensley*, 461 U.S. at 437)); *id.* at 1250 ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

Defendant contends that one of Plaintiff's counsel's billing entries is excessive and four are redundant. *Response* [#20] at 4. Defendant also contends that twelve additional billing entries are improper. *Id.* at 5-6. The Court addresses these contentions in turn.

First, Plaintiff's counsel billed two hours on January 5, 2011 to listen to the recorded phone call at issue in this case, transcribe certain portions, and draft the Summons and Complaint. *Motion* [#18] at 3. Defendant argues that two hours is an excessive amount of time to bill for completion of these tasks. *Response* [#20] at 4. It asserts as follows: "Plaintiff's counsel has filed over forty FDCPA cases against Defendant during the past year. Plaintiff's counsel uses an identical boilerplate complaint in every case, with the exception of a few paragraphs." *Id.* The Court agrees with Defendant that Plaintiff's counsel did not exercise proper billing judgment. Before drafting the Complaint, Plaintiff's counsel billed 1.9 hours (on December 9, 2010 and January 5, 2011) to listen to the recorded phone call and determine Defendant's violations of FDCPA. *Motion* [#18] at 2-3. Because Plaintiff's counsel used a standard form complaint and had already determined the alleged violations of FDCPA at the time he drafted the Complaint in this case, it was not reasonable for him to bill two additional hours on January 5, 2011. Although part of this two hours was purportedly spent listening to the recorded telephone call again and transcribing

-4-

portions of the call, the Court finds that Plaintiff's counsel should have billed for these tasks at a lower rate. Simply put, transcription is a task appropriate for a paralegal or other assistant. Accordingly, the Court finds it appropriate to reduce Plaintiff's counsel's bill of $500.00 for drafting the Complaint to $350.00 (representing 1 hour of time billed at $250.00 per hour and 1 hour of time billed at $100.00 per hour).[1]

Next, Defendant contends that Plaintiff's counsel made four redundant billing entries related to listening to the recorded phone call at issue in this case. *Response* [#20] at 4. Defendant states that although it "is unsure as to the length of the recording that Plaintiff's counsel listened to multiple times . . . , it assumes the recorded call is ten minutes or less based on its prior cases with Plaintiff's counsel and the recordings at issue in those prior cases." *Id.* After reviewing the purportedly redundant billing entries, the Court finds that Plaintiff's counsel failed to exercise proper billing judgment only with respect to his February 28, 2011 bill for listening to the recorded telephone call and reducing it to "multiple clips small enough to email" to defense counsel. *Motion* [#18] at 5. Plaintiff's counsel has not adequately explained why this 0.5 hour task was necessary. He represents that he undertook this task "at the request of Defendant's counsel [so as] to facilitate settlement." *Reply* [#21] at 3. Despite this representation, the Court finds that the bill is unreasonable. Plaintiff's counsel could have provided the entire recording to Defendant at the outset of the case in a format that would not have required an expenditure of time to create separate clips. Moreover, creating audio clips and sending them via email to defense counsel are tasks appropriate for a paralegal or assistant. The Court concludes that Plaintiff's counsel's

---

[1] The Court agrees with Defendant that $100.00 per hour is a reasonable rate at which to bill activities and functions of a paralegal or assistant. *See Response* [#20] at 6.

0.5 hour billing entry on February 28, 2011 should be stricken.

Finally, Defendant contends that twelve of Plaintiff's counsel's billing entries are improper. *Response* [#20] at 5-6. Nine of these entries, representing one hour in total, relate to time spent electronically filing documents. Defendant argues that electronic filing is a task appropriate for a paralegal or assistant. *Id.* at 6. Thus, Defendant argues that Plaintiff's counsel should bill only $100.00 in total for the nine entries (i.e., one hour of time at the reasonable paralegal/assistant rate of $100.00 per hour). *Id.*; *see supra* n.1. The Court agrees with Defendant and finds that Plaintiff's counsel is entitled to bill only $100.00 for the nine entries related to electronic filing.

Defendant argues that Plaintiff's counsel's billing entry for February 28, 2011 regarding drafting discovery requests is improper "because the parties resolved the case prior to commencement of discovery." *Id.* at 6. The Court disagrees. Plaintiff is correct that "there is no valid basis to deny Plaintiff's counsel's fees to draft and serve discovery in a case simply because the case settled before responses to the discovery were received by [Plaintiff]." *Reply* [#21] at 3. Accordingly, the Court finds that it is not necessary to adjust the February 28, 2011 billing entry regarding discovery requests.

The remaining two entries to which Defendant objects are bills for two hours that Plaintiff's counsel spent driving to and from the Court on March 1, 2011 so that he could attend the Scheduling Conference. Defendant argues as follows: "It is standard and customary for attorneys to bill travel time at half of their billable hourly rate. In addition, Plaintiff's counsel had the choice to participate in the Scheduling Conference by telephone due to the fact that his office is located outside of the Denver metropolitan area." *Response* [#20] at 6. Defendant is correct that Plaintiff's counsel could have appeared at

the Scheduling Conference by telephone. *Order Setting Scheduling/Planning Conference* [Docket No. 4] at 1, ¶ C ("How to Request Appearance by Telephone"). Thus, the Court agrees with Defendant that "it would be improper for [Plaintiff's] counsel to charge his client for [travel time] and, therefore, it is equally improper to charge [Defendant] in a fee application." *Response* [#20] at 7; *see Case*, 157 F.3d at 1250 ("Hours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party[.]"). The Court concludes that Plaintiff's counsel's billing entries related to travel time on March 1, 2011 are unreasonable and should be stricken.

### IV. Conclusion

For the reasons set forth above,

IT IS **RECOMMENDED** that Plaintiff's Motion [#18] be **GRANTED in part**.

IT IS FURTHER **RECOMMENDED** that Plaintiff be awarded $440.00 in costs and $4,300.00 in attorney's fees for a total award of $4,740.00 in expenses.[2]

IT IS FURTHER **RECOMMENDED** that final judgment be entered in favor of Plaintiff and against Defendant in the total amount of $6,240.00 (representing an award of $4,740.00 in expenses plus the previously imposed judgment of $1,500.00). *See Judgment* [Docket No. 15].

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written

---

[2] The amount of $4,300.00 in attorney's fees represents Plaintiff's requested amount of $5,225.00 less the following adjustments: (1) a $150.00 reduction in Plaintiff's counsel's bill for drafting the Complaint on January 1, 2005; (2) elimination of the $125.00 bill for creating audio clips and sending them via email to defense counsel on February 28, 2011; (3) a $150.00 reduction in the bill for electronically filing documents with the Court; and (4) elimination of the $500.00 bill for travel time on March 1, 2011.

objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: April 29, 2011 at Denver, Colorado.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge